KENT *v.* THE STATE.

Indictment against a magistrate, under the statute of 1838, for not filing in the clerk's office, in due time, a certificate of the solemnization of a marriage. The indictment showed that three months and fourteen days had elapsed from the time of the marriage to the filing of the certificate. *Held*, that the indictment could not be sustained.

ERROR to the *Shelby* Circuit Court.

*Saturday, July 18.*

PERKINS, J.—Indictment for failing to return a marriage certificate. Motion to quash overruled. Plea, guilty, and fine assessed by the Court.

The indictment shows it to have been but three months and fourteen days from the time of the marriage to the filing of the certificate. The statute on which the indictment is founded, R. S. 1838, p. 411, requires, by sects. 6 and 8, that the certificate of marriage shall be filed in the clerk's office of the proper county in three months from the solemnization of the marriage, and imposes a penalty of five dollars a month for delay after the said three months; and the question is, whether any fine can be imposed for a delay of less than a full month from the expiration of the three months? The Court below held the affirmative, and assessed a fine of two dollars and a half for the half month.

We think the Court erred. This is a penal statute and must be strictly construed. It certainly is not clear that a penalty is inflicted by it till the end of the fourth month's delay; and if it is ambiguous, and susceptible of two constructions consistent with reason, one of which will acquit and the other convict the defendant, that construction which will acquit must be adopted.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*A. A. Hammond* and *J. H. Bradley*, for the state.